UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEBARON SANDERS,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., *et al.*,

    Respondents.

_____/

2:14-cv-01966-JCM-NJK

**ORDER**

In this habeas corpus action, on June 19, 2017, the petitioner, Debaron Sanders, filed a motion for stay and abeyance (ECF No. 45), requesting a stay of this action while he exhausts in state court claims based on *Roper v. Simmons*, 543 U.S. 551 (2005); *Graham v. Florida*, 130 S. Ct. 2011 (2010); and *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

The court held a status conference on this same date, June 19, 2017, regarding the matter of the preparation and filing of a first amended petition for writ of habeas corpus on behalf of Sanders by his counsel, William H. Gamage, and regarding Gamage's further representation of Sanders in this case. On account of Gamage's failure to file an amended petition on Sanders' behalf, despite several extensions of time to do so, the court will discharge Gamage, and will appoint other counsel to represent Sanders.

| | |
|---|---|
|1| The motion for stay and abeyance is premature. The claims that are the subject of the motion|
|2| for stay and abeyance, based on *Roper*, *Graham*, and *Miller*, have not yet been pled in this case.|
|3| Sanders has not yet filed an amended petition in this case with the benefit of counsel. Under these|
|4| circumstances, the Court will not entertain a motion for stay and abeyance at this time. The motion|
|5| for stay and abeyance will, therefore, be denied without prejudice. Sanders may -- if his new counsel|
|6| determines that there are grounds for such a motion -- move for a stay and abeyance to exhaust|
|7| claims in state court after his new counsel has appeared and after he has filed an amended petition|
|8| with the benefit of counsel.|
|9| **IT IS THEREFORE ORDERED** that William H. Gamage is discharged as counsel for the|
|10| petitioner in this action.|
|11| **IT IS FURTHER ORDERED** that petitioner's Motion for Stay and Abeyance (ECF No. 45)|
|12| is **DENIED** without prejudice.|
|13| **IT IS FURTHER ORDERED** that Mario Valencia (1055 Whitney Ranch Dr., Suite 220,|
|14| Henderson NV 89014, 702-940-2222) is appointed to represent the petitioner, Debaron Sanders, in|
|15| this action.|
|16| **IT IS FURTHER ORDERED** that the clerk of the court shall serve copies of this order on|
|17| Mario Valencia, William H. Gamage, and the petitioner, Debaron Sanders.|
|18| **IT IS FURTHER ORDERED** that Mario Valencia shall have 10 days from the date of entry|
|19| of this order to file a notice of appearance for the petitioner, or to indicate to the court his inability to|
|20| represent the petitioner in these proceedings.|
|21| **IT IS FURTHER ORDERED** that the following schedule shall govern the further litigation|
|22| of this action:|
|23| 1. Amended Petition. If necessary, petitioner shall file and serve an amended petition|
|24| for writ of habeas corpus within 90 days after entry of this order. The amended petition shall|
|25| specifically state whether each ground for relief has been exhausted in state court; for each claim that|
|26| has been exhausted in state court, the amended petition shall state how, when, and where that|

occurred.  If petitioner determines that an amended petition need not be filed, then, within 90 days after entry of this order, petitioner shall file and serve a statement to that effect.

    2.    Response to Petition.  Respondents shall have 60 days following service of the amended petition to file and serve an answer or other response to the amended petition.  If petitioner does not file an amended petition, respondents shall have 60 days following the due-date for the amended petition to file and serve an answer or other response to petitioner's original petition.

    3.    Reply and Response to Reply.   Petitioner shall have 45 days following service of an answer to file and serve a reply.  Respondents shall thereafter have 30 days following service of a reply to file and serve a response to the reply.

    4.    Briefing of Motion to Dismiss.  If respondents file a motion to dismiss, petitioner shall have 45 days following service of the motion to file and serve a response to the motion.  Respondents shall thereafter have 20 days following service of the response to file and serve a reply.

    5.    Discovery.  If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis.  Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

    6.    Evidentiary Hearing.  If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from,  the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis.  The motion  for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of

28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

Dated June 20, 2017.

_____
UNITED STATES DISTRICT JUDGE