UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBARON SANDERS,<br><br>                           Petitioner,<br>    v.<br><br>BRYAN WILLIAMS, SR., *et al.*,<br><br>                           Respondents. | Case No. 2:14-cv-01966-JCM-NJK<br><br>ORDER |

Introduction

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Debaron Sanders, a Nevada prisoner. There is, before the Court, a motion to dismiss filed by respondents. The Court will grant the motion to dismiss in part and deny it in part, will dismiss certain of Sanders' claims, and will set a schedule for respondents to file an answer, responding to the remaining claims.

Background

Sanders' conviction is the result of events that occurred in the early morning of January 28, 2006, in Las Vegas. In its order on the appeal in Sanders' first state habeas corpus action, the Nevada Supreme Court described the crime in this case, as revealed by the evidence at Sanders' trial, as follows:

> The jury heard testimony that Underwent Evans drove Sanders, Larry Bailey, and Gregory Boyd to a party in her car. When they arrived, they encountered the two victims and asked whether the party was over. The victims stated that the party ended after the police arrived and they were leaving the area because they were carrying guns. The victims walked

1

> away and Sanders, Bailey, and Boyd got back into Evans' car. Boyd suggested that they should rob the victims of their guns. Evans had given Bailey the keys to her car, so Sanders, Bailey, and Boyd used her car to pursue the victims. Bailey drove past the victims and parked the car ahead of their direction of travel. As the victims traveled past the parked car, Boyd and Sanders got out and shot at the victims as they ran away. Bailey urged Boyd and Sanders to get back in the car and then drove to the Denny's restaurant where they were apprehended. Sanders testified that Bailey was the getaway driver for the robbery and admitted that he fired eight rounds at the back of a victim who was running away.

Order of Affirmance, Exhibit 114, p. 2 (ECF No. 18-10, p. 3). One of the two victims was killed; the other was shot, but survived, and testified at Sanders' jury trial.

Following a jury trial, Sanders was convicted of conspiracy to commit robbery, two counts of attempted robbery with the use of a deadly weapon, conspiracy to commit murder, murder with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. *See* Judgment of Conviction, Exhibit 63 (ECF No. 16-11). He was sentenced to: 24 to 60 months in prison for the conspiracy to commit robbery; a concurrent term of 24 to 60 months for the first count of attempted robbery, plus another 24 to 60 months for use of the deadly weapon; a concurrent term of 24 to 60 months for the second count of attempted robbery, plus another 24 to 60 months for use of the deadly weapon; a concurrent term of 36 to 120 months for the conspiracy to commit murder; a concurrent term of life in prison with the possibility of parole after 20 years, for the murder, plus another term of life in prison with the possibility of parole after 20 years, for the use of the deadly weapon; and a consecutive term of 54 to 240 months for the attempted murder, plus another 54 to 240 months for use of the deadly weapon. *See id.* In essence, Sanders' was sentenced to serve a minimum of 49 years, and a maximum of life, in prison. The judgment of conviction was filed on July 28, 2009. *See id.*

Sanders did not file a timely notice of appeal from the judgment of conviction. On September 17, 2009, Sanders' counsel filed a "Motion to Notify Defendant of the Judgment of Conviction," arguing that he did not receive notice of the entry of the judgment, and seeking to restart the time to file a notice of appeal. *See* Motion to Notify Defendant of the Judgment of Conviction, Exhibit 64 (ECF No. 16-12). On October 13, 2009, the state district court granted that motion. *See* Reporter's Transcript, October 13,

2009, Exhibit 68, pp. 3-4 (ECF No. 16-16, pp. 4-5). Sanders then filed a notice of appeal on October 16, 2009. *See* Notice of Appeal, Exhibit 69 (ECF No. 16-17). However, on January 7, 2010, the Nevada Supreme Court dismissed the appeal as untimely filed. *See* Order Dismissing Appeal, Exhibit 75 (ECF No. 16-23). The Nevada Supreme Court issued its remittitur on February 2, 2010. *See* Remittitur, Exhibit 76 (ECF No. 16-24).

On July 28, 2010, with court-appointed counsel, Sanders filed his first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 82 (ECF No. 17-4). On September 29, 2011, the state district court ruled that Sanders asserted a viable claim that he was deprived of a timely direct appeal due to ineffective assistance of counsel, and permitted Sanders to assert his direct appeal claims. *See* Order, Exhibit 96 (ECF No. 17-18). On October 6, 2011, Sanders filed a notice of appeal to the Nevada Supreme Court, and proceeded with his direct appeal claims. *See* Notice of Appeal, Exhibit 98 (ECF No. 17-20); *see also* Appellant's Opening Brief, Exhibit 110 (ECF No. 18-6); Appellant's Reply Brief, Exhibit 112 (ECF No. 18-8). On May 14, 2013, the Nevada Supreme Court affirmed the judgment of conviction. *See* Order of Affirmance, Exhibit 114 (ECF No. 18-10). The Nevada Supreme Court's remittitur was issued on June 11, 2013. *See* Remittitur, Exhibit 115 (ECF No. 18-11).

On June 18, 2014, Sanders filed a second state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 117 (ECF No. 18-13). The state district court dismissed Sanders' petition on October 28, 2014, finding that it was untimely filed, under NRS § 34.726. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 121 (ECF No. 18-17). Evidently, Sanders did not appeal from that ruling.

On October 8, 2015, Sanders filed a third state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 123 (ECF No. 18-19); Memorandum of Points and Authorities in Support of Writ of Habeas Corpus (Post-Conviction), Exhibit 124 (ECF No. 18-20). The state district court dismissed Sanders' petition on February 3, 2016. *See* Findings of Fact, Conclusions of Law and Order, Petitioner's Exhibit 1 (ECF No. 56-1). Sanders appealed, and the Nevada Supreme Court affirmed on November 18, 2016,

ruling that the petition was untimely under NRS § 34.726. *See* Order of Affirmance, Petitioner's Exhibit 3 (ECF No. 56-3). The remittitur issued on December 13, 2016. *See* Remittitur, Exhibit 127 (ECF No. 58-2).

On June 19, 2017, Sanders filed a fourth state habeas action. *See* Petition for Post-Conviction Writ of Habeas Corpus, Petitioner's Exhibit 9 (ECF No. 56-9). The state district court dismissed that petition, on February 15, 2018, ruling that it was untimely under NRS § 34.726 and successive under NRS § 34.810. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 130 (ECF No. 58-5). It appears that Sanders' appeal from that ruling remains pending.

Meanwhile, on June 26, 2014, Sanders signed, and sent to this Court for filing, a *pro se* federal habeas petition, initiating Case Number 2:14-cv-1068-JAD-GWF. *See* Petition for Writ of Habeas Corpus, ECF No. 1-1 in Case No. 2:14-cv-1068-JAD-GWF.

The Court takes judicial notice of the proceedings in Case Number 2:14-cv-01068-JAD-GWF.

Judge Jennifer A. Dorsey dismissed Sanders' petition in Case Number 2:14-cv-01068-JAD-GWF, without prejudice, on July 2, 2014, because Sanders did not pay the filing fee or submit a proper application to proceed *in forma pauperis*. *See* Order filed July 2, 2014, ECF No. 2 in Case No. 2:14-cv-1068-JAD-GWF; Judgment entered July 2, 2014, ECF No. 3 in Case No. 2:14-cv-1068-JAD-GWF. On September 16, 2014, Sanders filed a motion for reconsideration, arguing that he was not granted a sufficient opportunity to pay the filing fee, and representing that he did not receive notice of the dismissal of the action until September 4, 2014. *See* Motion to Reconsider Dismissal of Petition, ECF No. 4 in Case No. 2:14-cv-1068-JAD-GWF; *see also* Letter Filed December 5, 2014, ECF No. 5 in Case No. 2:14-cv-1068-JAD-GWF; Supplement to Motion to Reconsider Dismissal of Petition, ECF No. 6 in Case No. 2:14-cv-1068-JAD-GWF.

On November 25, 2014, while the motion for reconsideration was pending in Case Number 2:14-cv-01068-JAD-GWF, Sanders initiated this action, Case Number 2:14-cv-01966-JCM-NJK. *See* Petition for Writ of Habeas Corpus (ECF No. 6). In view of the

4

proceedings in Case Number 2:14-cv-1068-JAD-GWF, this Court suspended proceedings in this case pending the resolution of the motion for reconsideration in Case No. 2:14-cv-1068-JAD-GWF. *See* Order entered May 14, 2015 (ECF No. 5).

On August 13, 2015, Sanders filed, in both of his federal habeas cases, a motion to consolidate this case with Case Number 2:14-cv-1068-JAD-GWF. *See* Motion to Combine Habeas Corpus Cases (ECF No. 8); Motion to Combine Habeas Corpus Cases, ECF No. 7 in Case No. 2:14-cv-1068-JAD-GWF.

On September 8, 2015, Judge Dorsey denied the motion to consolidate cases, and also the motion for reconsideration, in Case Number 2:14-cv-1068-JAD-GWF. *See* Order entered September 8, 2015, ECF No. 12 in Case No. 2:14-cv-1068-JAD-GWF.

Then, on September 17, 2015, the Court denied the motion to consolidate cases in this case, and set a schedule for further proceedings. *See* Order entered September 17, 2014 (ECF No. 10).

The respondents filed a motion to dismiss Sanders' *pro se* original petition on December 2, 2015 (ECF No. 13).

On December 16, 2015, Sanders filed a motion for appointment of counsel (ECF No. 20), and the Court granted that motion on January 25, 2016 (ECF No. 21). Gia A McGillivray appeared as counsel for Sanders on March 8, 2016 (ECF No. 24), and the Court set a schedule for counsel to file an amended petition on Sanders' behalf, and denied the motion to dismiss the original petition as moot (ECF No. 28). However, on June 14, 2016, McGillivray moved to withdraw (ECF No. 29). The Court granted that motion on June 17, 2016 (ECF No. 30), and, on July 14, 2016, appointed William Gamage to represent Sanders (ECF No. 31). Gamage appeared on July 25, 2016 (ECF Nos. 32, 33). However, on June 20, 2017, after several extensions of time, and failures to file an amended petition, the Court discharged Gamage and appointed Mario Valencia to represent Sanders (ECF No. 47). Valencia appeared on June 26, 2017 (ECF No. 48), but he, too, promptly moved to withdraw on August 9, 2017 (ECF No. 49). The Court granted Valencia's motion to withdraw on August 28, 2017, and appointed Mary Lou Wilson to

1 represent Sanders on September 13, 2017 (ECF Nos. 50, 51). Wilson appeared for
2 Sanders on September 14, 2017 (ECF No. 52).

On March 8, 2018, with counsel, Sanders filed an amended petition for writ of habeas corpus (ECF No. 56). In the amended petition – Sanders' operative petition – Sanders asserts the following claims:

> 1. Sanders' federal constitutional rights were violated because the trial court erred in denying Sanders' motion to suppress his confession. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 56), pp. 17-25.
>
> 2. Sanders' federal constitutional rights were violated because the trial court erred in rejecting Sanders' *Batson* challenge to the prosecution's use of a peremptory challenge to strike an African-American juror. *See id.* at 26-35.
>
> 3. Sanders' federal constitutional rights were violated because the trial court denied Sanders' request for a jury instruction on voluntary manslaughter. *See id.* at 36-43.
>
> 4. Sanders' federal constitutional rights were violated because the State presented insufficient evidence to convict Sanders of conspiracy to commit robbery, attempted robbery with use of a deadly weapon, and conspiracy to commit murder. *See id.* at 44-49.
>
> 5. Sanders' federal constitutional rights were violated because of the cumulative effect of the errors asserted in Claims 1 through 4. *See id.* at 49-50.
>
> 6. Sanders' federal constitutional rights were violated because of ineffective assistance of his trial counsel, which allowed the State to proceed on conflicting theories in Sanders' trial and the trial of a co-defendant. *See id.* at 51-58.
>
> 7. Sanders' federal constitutional rights were violated because the prosecution committed misconduct in proceeding on conflicting theories in Sanders' trial and the trial of a co-defendant. *See id.* at 59-65.
>
> 8. Sanders' federal constitutional rights were violated because of ineffective assistance of his trial counsel, on account of his trial counsel's failure to offer a jury instruction regarding character and failure to prepare and present character witnesses at trial. *See id.* at 66-69.
>
> 9. Sanders' sentence violates his federal constitutional rights. *See id.* at 70-86.
>
> 10. Sanders' federal constitutional rights were violated because of ineffective assistance of his trial counsel, on account of his trial counsel's failure to prepare him to testify at trial. *See id.* at 87-88.

11. Sanders' federal constitutional rights were violated because of ineffective assistance of his trial counsel, on account of his trial counsel's failure to seek juvenile status for Sanders prior to trial. *See id.* at 88-90.

Respondents filed their motion to dismiss the amended petition on May 7, 2018 (ECF No. 57). Respondents contend, in the motion to dismiss, that all Sanders' claims are barred by the statute of limitations, that certain of his claims are unexhausted, that certain of his claims are barred by the procedural default doctrine, and that certain of his claims are not cognizable in this federal habeas action. Sanders filed an opposition to the motion to dismiss on May 20, 2018 (ECF No. 59), and respondents replied on May 25, 2018 (ECF No. 60).

Discussion

Statute of Limitations - Legal Standards

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Expiration of the Limitations Period

With respect to the question when Sanders' conviction became final, for purposes of the analysis of this motion to dismiss, the Court accepts respondents' position, which gives Sanders the benefit of any doubt, and considers Sanders' conviction to have become final on August 12, 2013, which was ninety days after the Nevada Supreme Court ruled on Sanders' direct appeal claims on the appeal in his first state habeas action. *See* Motion to Dismiss (ECF No. 57), p. 8 ("Sanders' conviction therefore became final on August 12, 2013."); *see also Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); *but see Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010), *cert. denied*, *Randle v. Skolnik*, 562 U.S. 969 (2010) (rejecting argument that Nevada conviction does not becomes final until after resolution of direct appeal claims on appeal pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994)).

Sanders filed his second state habeas action on June 18, 2014. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 117 (ECF No. 18-13). The state district court dismissed that petition, finding that it was untimely filed, under NRS § 34.726. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 121 (ECF No. 18-17). Sanders did not appeal from that ruling. An untimely state habeas petition is not "properly filed"

8

within the meaning of 28 U.S.C. § 2244(d)(2), and does not toll the AEDPA limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). There was, therefore, no tolling of the AEDPA limitations period on account of Sanders' second state habeas action.

Sanders' third state habeas petition, filed October 8, 2015, was also ruled untimely, and, therefore, provided no statutory tolling. *See* Findings of Fact, Conclusions of Law and Order, Petitioner's Exhibit 1 (ECF No. 56-1); Order of Affirmance, Petitioner's Exhibit 3 (ECF No. 56-3).

Sanders' fourth state habeas action was not filed until June 19, 2017; it was also ruled untimely, and, at any rate, was filed too late to have any bearing on the AEDPA limitations analysis. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 130 (ECF No. 58-5).

Sanders initiated his first federal habeas corpus action, Case Number 2:14-cv-1068-JAD-GWF, on June 26, 2014, which was 47 days before the AEDPA limitations period expired. *See* Petition for Writ of Habeas Corpus, ECF No. 1-1 in Case No. 2:14-cv-1068-JAD-GWF. His petition in that case asserted the same five claims as his original petition in this case. *See* Petition for Writ of Habeas Corpus (ECF No. 6); Petition for Writ of Habeas Corpus, ECF No. 1-1 in Case No. 2:14-cv-1068-JAD-GWF. Sanders initiated this action on November 25, 2014, while he was still litigating a motion to reconsider the dismissal of Case Number 2:14-cv-1068-JAD-GWF. Sanders acted diligently in seeking to prevent dismissal of his first federal habeas action, and in attempting to have it consolidated with his second federal habeas action (this case) so as to avoid a limitations bar. The Court finds that the dismissal of Sanders' first federal habeas action for failure to pay the filing fee or submit a proper application to proceed *in forma pauperis*, and the apparent delay in Sanders learning of that dismissal, was an extraordinary circumstance warranting equitable tolling. The Court will grant Sanders equitable tolling from June 26, 2014, the date on which he initiated Case Number 2:14-cv-1068-JAD-GWF, to November 25, 2014, the date on which he initiated this case.

With that equitable tolling, Sanders' original petition in this case (ECF No. 1) was timely filed. Only 318 days of the limitations period had elapsed (from August 12, 2013, to June 26, 2014), and there were 47 days left.

After the initiation of this action, the 47 remaining days of the AEDPA limitations period ran out on January 11, 2015. There was no statutory tolling between November 25, 2014, and January 11, 2015. And, Sanders makes no showing that equitable tolling is warranted during that period.

Therefore, the Court determines that Sanders original petition in this case was timely filed, but that his amended petition was untimely filed.

Statute of Limitations – Relation Back of Claims in Amended Petition

Therefore, the question whether the claims Sanders' untimely amended petition (ECF No. 56) are barred by the statute of limitations turns on the determination whether those claims relate back to Sanders' original petition (ECF No. 6), which, by virtue of equitable tolling, was timely filed.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

Claims 1, 2, 3, 4 and 5 of Sanders' amended petition were asserted in his original petition, and plainly relate back to the filing of that petition. Respondents appear to concede as much. *See* Motion to Dismiss (ECF No. 57), pp. 9-12. Claims 1, 2, 3, 4 and 5, therefore, are not barred by the statute of limitations.

Claims 6 and 7 are based on Sanders' allegation that the prosecution presented conflicting theories in Sanders' trial and the trial of a co-defendant. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 56), pp. 51-65. There is no claim in Sanders' original

petition based on those operative facts. Claims 6 and 7 do not relate back to the original petition, and are barred by the statute of limitations.

In Claim 8, Sanders claims that his federal constitutional rights were violated because of ineffective assistance of his trial counsel, on account of his trial counsel's failure to offer a jury instruction regarding character and failure to prepare and present character witnesses at trial. *See id.* at 66-69. There is no claim in Sanders' original petition having anything to do with character evidence. Claim 8 does not relate back to the original petition; it is barred by the statute of limitations.

In Claim 9, Sanders claims that his sentence violates his federal constitutional rights. *See id.* at 70-86. There is no claim in the original petition based on the nature of Sanders' sentence. Claim 9 does not relate back to the original petition, and is barred by the statute of limitations.

In Claim 10, Sanders claims that his federal constitutional rights were violated because of ineffective assistance of his trial counsel, on account of his trial counsel's failure to prepare him to testify at trial. *See id.* at 87-88. There is no claim in the original petition related to Sanders' preparation to testify. Claim 10 does not relate back to the original petition. Claim 10 is barred by the statute of limitations.

In Claim 11, Sanders claims that his federal constitutional rights were violated because of ineffective assistance of his trial counsel, on account of his trial counsel's failure to seek juvenile status for Sanders prior to trial. *See id.* at 88-90. Sanders did not assert any claim in his original petition based on such facts. Claim 11 does not relate back to the original petition, and is barred by the statute of limitations.

Claims 6, 7, 8, 9, 10 and 11, then, will be dismissed on statute of limitations grounds.

Respondents' Other Arguments

As Claims 6, 7, 8, 9, 10 and 11 are dismissed as barred by the statute of limitations, the Court does not reach the question whether those claims are unexhausted or procedurally defaulted, and the Court does not reach the question whether those claims

are cognizable in this federal habeas corpus action. *See* Motion to Dismiss (ECF No. 57), pp. 12-17.

Regarding respondents' argument that Claim 5 is, in part, not cognizable in this action, the Court declines to reach that question on this motion to dismiss, determining that it will be better addressed along with the merits of all Sanders' remaining claims, after respondents file an answer. Respondents may raise this issue in their answer.

Conclusion

**IT IS THEREFORE HEREBY ORDERED** that respondents' Motion to Dismiss (ECF No. 57) is **GRANTED IN PART AND DENIED IN PART**. Claims 6, 7, 8, 9, 10 and 11 of petitioner's amended petition for writ of habeas corpus (ECF No. 56) are **DISMISSED**. In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that respondents shall, within 60 days from the date of this order, file an answer, responding to the remaining claims in petitioner's third amended habeas petition, which are Claims 1, 2, 3, 4 and 5. In all other respects, the schedule for further proceedings set forth in the order entered September 13, 2017 (ECF No. 51) remains in effect.

DATED June 15, 2018.

_____
JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE